UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON HATFIELD,                    )
                                     )
                 Plaintiff,          )        Case No.
                                     )        Hon.
        v.                           )
                                     )
CITY OF TAYLOR, a Michigan           )
municipality, and NICHOLAS SELLITTI, )
TROY TORO, MARIO HINOJOSA,           )
TAYLOR FIRE CHIEF STEPHEN PORTIS,    )
and DEPUTY FIRE CHIEF STAN C.        )
POCHRON, in their individual capacities, )
                                     )
                 Defendants.         )
_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Brandon Hatfield, by and through his attorneys LAW OFFICES OF JOEL B. SKLAR and the PERKINS LAW GROUP, LLC files this Complaint and Jury Demand against the City of Taylor, Nicholas Sellitti, Troy Toro, Stephen Portis, Mario Hinojosa, Stan C. Pochron and says:

1.      Plaintiff Brandon Hatfield is a resident of Kent County, Michigan.

2.      Defendant City of Taylor is a Michigan municipality which operates the City of Taylor Police Department and is located within this Judicial District.

3.      Defendant City of Taylor police officer Nicholas Sellitti (Badge No. 00254) resides and/or transacts business in Wayne County, Michigan which is located within this Judicial District.

4.      Defendant City of Taylor police officer Troy Toro resides and/or transacts business in Wayne County, Michigan which is located within this Judicial District.

5.      Defendant City of Taylor police officer Mario Hinojosa resides and/or transacts business in Wayne County, Michigan which is located within this Judicial District.

6.      Defendant City of Taylor Fire Chief Stephen Portis resides and/or transacts business in Wayne County, Michigan which is located within this Judicial District.

7.     Defendant City of Taylor Deputy Fire Chief Stan C. Pochron resides and/or transacts business in Wayne County, Michigan which is located within this Judicial District.

8.     All the facts which give rise to this action took place in Wayne County, Michigan which is located within this Judicial District.

9.     During all relevant times, Defendants Sellitti, Toro, Hinojosa, Portis and Pochron were acting under color of law and being sued in their individual capacity pursuant to *42 USC §1983*.

10.    Defendants Sellitti, Toro, Hinojosa, Portis and Pochron are not entitled to qualified or any other immunity because each knowingly and intentionally violated Plaintiff's clearly established *Fourth* and/or *Fourteenth Amendment Rights* which any reasonable state actor would have known.

11.    Defendants Sellitti, Toro, Hinojosa, Portis and Pochron are not immune for their gross negligence pursuant to MCLA 691.1407(2)(c).

12.    This Court has original jurisdiction over these claims pursuant to *28 USC § 1331* and supplemental jurisdiction over Plaintiff's state-law claims pursuant to *28 USC §1367*.

13.    Venue is proper in this Court pursuant to *28 USC § 1391(a)(1)* and *(2)* since the events giving rise to this claim all occurred in Wayne County, Michigan which is within this Judicial District.

3

## **FACTS**

14.    Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

15.    On or about April 14, 2021, a bar-b-que fire started by Plaintiff consumed a detached garage located at 6696 Oak, in Taylor, Michigan.

16.    Police officer, firefighters and emergency responders went to the scene where Plaintiff was taken into custody and transported to a local hospital for psychological evaluation. Thereafter, Plaintiff was lodged in the Wayne County Jail where he remained until August 21, 2021.

17.    Defendant Sellitti was the Officer in Charge (OIC) of the police investigation into the garage fire.

18.    On or about April 16, 2021, Defendant Sellitti submitted a warrant request to the Wayne County Prosecutor's Office (County Prosecutor) for various arson related felonies before the fire department conducted its investigation.

19.    On or about April 16, 2021, Defendant Sellitti caused felony warrants to be issued for Plaintiff's arrest. (Information, **Ex. A**)

20.    On or about April 19, 2021, City of Taylor Deputy Fire Chief Stan Pochron obtained a search warrant to personally inspect and investigate the garage fire and generate a written report concerning his investigation.

21.     During his April 19, 2021, on-site investigation, Deputy Fire Chief Pochron overheard Detective Sellitti tell City of Taylor Fire Chief Stephen Portis that "[Plaintiff] was in custody [and] admitted to starting the fire and was trying to burn down the garage. This confession was given directly to Detective Sellitti. Hearing that information I finished packaging the evidence, cleaned my tools, and left the scene once secured with pad lock." (Fire Investigation Report, p. 7 **Ex. B**)

22.     The next day, April 20, 2021, "I [Deputy Fire Chief Pochron] received an email from Detective Sellitti in regards to statements in my Investigation Report. He stated that the suspect in custody never stated he wanted to burn down the structure/garage. He stated that there must have been some miscommunication between himself and Chief Portis. *With this new information, I must change my ruling on this fire to Accidental [sic] fire with Human Involvement…. Again I rule this as an Accidental Fire due to uncontrolled fire pit, flammable liquids (per witnesses) and proximately of home-made fire pit to structure."* (Italics added) (Id. at Addendum, p. 7)

23.     As of April 20, 2021, Defendants Sellitti, Toro, Portis, Hinojosa and Pochron knew the garage fire was accidental and no probable cause existed to charge Plaintiff or further detain him. Nevertheless, Plaintiff languished in jail.

24.     On May 3, 2021, a Preliminary Examination was conducted in the 23rd District Court.

25.     At the time of the Preliminary Examination, neither Sellitti, Toro, Hinojosa, Portis, or Pochron provided, communicated or advised the County Prosecutor or the 23rd District Court about the exculpatory Fire Investigation Report which exonerated Plaintiff.

26.     At the time of the Preliminary Examination, neither Sellitti, Toto, Hinojosa, Portis or Pochron provided, communicated or advised Plaintiff's then criminal lawyer of the exculpatory Fire Investigation Report which exonerated Plaintiff.

27.     Instead, the exculpatory Fire Investigation Report which exonerated Plaintiff was secreted, suppressed and concealed from those persons entitled by law to see it.

28.     All the while Plaintiff, mentally unwell, languished in the cold, loud, putrid County Jail fearful for his life.

29.     Without knowledge or review of the Fire Investigation Report, the state district court judge bound Plaintiff over for trial on the wrongly issued felony warrants.

30.     In July 2021, County Assistant Prosecuting Attorney (APA) Gammicchia contacted the City of Taylor and asked for the Fire Investigation Report which the Prosecutor's Office had yet to receive despite its obvious materiality and significance.

31.     On August 5, 2021, APA Gammicchia emailed Detective Sellitti and explained: "At this point, I need to get a copy of the fire report." (Email of 8/05/2021, **Ex. C**)

32.     On August 9, 2021, APA Gammicchia emailed Detective Hinojosa, apparently the new OIC, "looking to get a copy of the fire report. At your convenience, could you email me a copy?" (Email of 08/09/2021, **Ex. D**)

33.     On August 21, 2021, after receipt of the exculpatory Fire Investigation Report, the County Prosecutor voluntarily dismissed all charges against Plaintiff for lack of evidence to sustain the charges. (Nolle Pros., **Ex. E**)

34.     On or about August 21, 2021, Plaintiff's liberty was restored after spending a horrific, needless four-months in jail.

## <u>COUNT I</u>

**VIOLATION OF *FOURTH AMENDMENT* RIGHTS
AGAINST FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS
PROSECUTION PURSUANT TO *42 USC §1983***

35.     Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

36.     The *Fourth Amendment* guarantees a citizen's fundamental right to be free from unreasonable search, seizures and detentions by police and other state actors.

37.    The *Fourth Amendment* prohibits charging a citizen with a crime without probable cause.

38.    Continued detention without probable cause is a violation of Plaintiff's clearly established *Fourth Amendment* rights.

39.    Defendants Sellitti, Toro, Hinojosa, Portis, and Pochron all knew that Plaintiff was wrongly arrested, charged and detained for a crime he did not commit and which probable cause did not support.

40.    Criminal proceedings ended in Plaintiff's favor as all criminal charges were dropped once the County Prosecutor received the Fire Investigation Report which exonerated Plaintiff.

41.    As of at least April 20, 2021, Defendant Sellitti, Toro, Hinojosa, Portis, and Pochron knew the garage fire to be accidental and not a crime, as unambiguously stated in the Fire Investigation Report.

42.    Despite their knowledge of Plaintiff's innocence and absence of probable cause, each individual Defendant failed to rectify the wrong they created and/or contributed to which prolonged Plaintiff's four-month detention.

43.    No individual Defendant made any effort to contact the County Prosecutor, Plaintiff criminal lawyer or the Court, Plaintiff's counsel or to inform them of the exculpatory Fire Investigation Report which exonerated Plaintiff, despite their clear, unequivocal legal obligation to do so.

44.     Instead, Sellitti, Toro, Hinojosa, Portis and Pochron suppressed the Fire Investigation Report and refused to provide it to the Wayne County Prosecutor's Office until delivered to APA Gammicchia sometime in August 2021, after repeated demands for the Fire Investigation Report.

45.     Each individual Defendant owned Plaintiff a duty to intervene and stop the constitutional deprivations visited upon Plaintiff.

46.     Each individual Defendant breached this duty and worked in concert to secret, suppress, conceal and hide the exculpatory Fire Investigation Report which exonerated Plaintiff.

47.     As a direct and proximate result of the violation of Plaintiff's clearly established *Fourth Amendment* rights against unreasonable seizure, malicious prosecution, and continued detention without probable cause, Plaintiff suffered terror, confusion, fear, embarrassment, indignity, aggravation of pre-existing injuries or conditions, loss of the enjoyments of life, isolation, depression, frustration, anxiety, emotional distress and other injuries that will continue to develop and manifest during and beyond this litigation.

48.     In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against Defendants Sellitti, Toto, Hinojosa, Portis and Pochron in that their actions were willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendant Sellitti, Toro, Hinojosa, Portis and Pochron in whatever amount Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

## COUNT II

### VIOLATION OF PLAINTIFF'S *FOURTEENTH AMENDMENT* DUE PROCESS RIGHTS PURSUANT TO 42 USC §1983

49.    Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

50.    The *Fourteenth Amendment's* provides:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

51.    Under *Brady v. Maryland,* 373 U.S. 83 (1963), the *Fourteenth Amendment* requires police and investigators to disclose material exculpatory or impeachment evidence when such evidence is "known only to the police investigators and not to the prosecutors." See, *Kyles v. Whitley,* 514 U.S. 419, 438 (1995). This is the case with Plaintiff.

52.    Defendant Sellitti, Toro, Hinojosa, Portis, and Pochron violated Plaintiff's clearly established *Fourteenth Amendment* due process rights when they knowingly suppressed and withheld material exculpatory evidence from the County

10

Prosecutor, Plaintiff then criminal attorney and the Court.

53.     As a direct and proximate result of the violation of Plaintiff's clearly established *Fourteenth Amen*dment rights, Plaintiff suffered terror, confusion, fear, embarrassment, indignity, aggravation of pre-existing injuries or conditions, loss of the enjoyments of life, isolation, depression, frustration, anxiety, emotional distress and other injuries that will continue to develop and manifest during and beyond this litigation.

54.     In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against Defendants Sellitti, Toro, Portis and Pochron and under *42 USC § 1983,* in that their actions were willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY,** Plaintiff seeks judgment against Defendants Sellitti, Toro, Hinojosa, Portis and Pochron for damages in whatever amount Plaintiff is entitled, which is reasonable, fair, and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988.*

## COUNT III

### *MONELL* CLAIM AGAINST THE CITY OF TAYLOR

55.     Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

56. At the time of the constitutional deprivations discussed above, Defendant City of Taylor had an illegal policy or custom of violating the due process rights of citizens by filing specious criminal charges and detaining citizens in violation of the *Fourth* and *Fourteenth Amendment,* including their repeated *Brady* violations, as illustrated in this case.

57. At the time of the constitutional deprivations described above, the City of Taylor failed to properly train its officers to contact the appropriate authority (i.e., County Prosecutor or the state district court) within a reasonable period after the discovery of exculpatory evidence so that citizens, like Plaintiff, would not be charged or detained when they were, in fact, innocent.

58. At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendant Sellitti, Toro, Hinojosa, Portis and Pochron were ratified by an official with final decision-making authority.

59. This unconstitutional policy and custom described herein, were evidenced by the seeking criminal charges and continued detention of Plaintiff despite actual knowledge he committed no offense, the lack of any discipline to Defendants Sellitti, Toro, Hinojosa, Portis or Pochron and the deliberate suppression and failure to disclose material and exculpatory evidence to those legally entitled to such evidence, including the accused and his counsel.

60.     As a direct and proximate result of the violation of Plaintiff's clearly established *Fourth and Fourteenth Amen*dment rights, Plaintiff suffered embarrassment, terror, confusion indignity, loss of the enjoyments of life, isolation, depression, frustration, anxiety, emotional distress, aggravation of preexisting injuries or conditions and other injuries that will continue to develop and manifest during and beyond this litigation.

61.     In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against Defendant City of Taylor under *42 USC § 1983,* in that his actions were malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendant City of Taylor for damages in whatever amount Plaintiff is entitled, which is reasonable, fair, and just, plus costs, interest, and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988.*

## COUNT IV

### GROSS NEGLIGENCE AS TO DEFENDANTS
### SELLITTI, TORO, PORTIS AND POCHRON

62.     Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

63.     Defendants Sellitti, Toro, Hinojosa, Portis and Pochron were on duty and acting within the scope of their employment and authority granted them by

Defendant City of Taylor when each engaged in the unlawful conduct alleged above.

64.    Among other things, Defendants Sellitti, Toro, Hinojosa, Portis and Pochron caused Plaintiff to be charged with multiple felonies despite the absence of any probable cause and further caused the wrongful continued detention of Plaintiff by suppressing and secreting exculpatory evidence (i.e., the Fire Investigation Report) or taking other steps to secure Plaintiff's release from jail because of his actual innocence as established by Deputy Fire Chief Pochron.

65.    Defendants Sellitti, Toro, Hinojosa, Portis and Pochron engaged in conduct so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted to Plaintiff.

66.    As the direct and proximate result of Defendants Sellitti, Toro, Hinojosa, Portis and Pochron's gross negligence, Plaintiff suffered embarrassment, terror, confusion indignity, loss of the enjoyments of life, isolation, depression, frustration, anxiety, emotional distress, aggravation of preexisting injuries or conditions and other injuries that will continue to develop and manifest during and beyond this litigation.

**ACCORDINGLY**, Plaintiff seeks judgment against all Defendants, jointly and severally, for damages in whatever amount Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702

Dated:  February 22, 2023          Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, Brandon Hatfield, by and through his attorneys, hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Stephen Chacko (P78210)
THE PERKINS LAW GROUP, PLLC
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702

Dated:  February 22, 2023          Attorneys for Plaintiff