UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON HATFIELD,

    Plaintiff,

v.

                              Case No. 23-cv-10453
                              Honorable Linda V. Parker

CITY OF TAYLOR, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING RENEWED MOTION TO SUBSTITUTE PARTY AND SETTING DEADLINES

Plaintiff Brandon Hatfield filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on February 22, 2023.  (ECF No. 1.)  His counsel filed a Suggestion of Death on the Record pursuant to Federal Rule of Civil Procedure 25 on June 7, 2024, indicating that Mr. Hatfield passed away on April 28, 2024.  (ECF No. 26.)

The question of whether a federal civil rights claim survives a plaintiff's death is a question of state law.  *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018) (citing *Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978)).  Under Michigan law, "[a]ll actions and claims survive death" of the injured person during the pendency of the action.  *See* Mich. Comp. Laws Suggesti§ 600.2921.

Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may, on motion, order substitution of the proper parties. "A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]" If such a motion is not timely filed, "the action by or against the decedent must be dismissed." *Id*.

"Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record." *Jenkins v. Macatawa Bank Corp.*, No. 1:03-CV-321, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007); *see also Lawson v. Cnty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012). Second, "[counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative." *Lawson*, 2012 WL 5258216, at *2 (internal quotation marks and citations omitted); *see also Jenkins*, 2007 WL 737746, at *1 (stating that the suggestion of death must be served in accordance with Rule 4).

It has been far longer than 90 days since the suggestion of death was filed. In fact, it has been over a year. Mr. Hatfield's older sister, Sarah Hatfield, has filed two motions for substitution (*see* ECF Nos. 29, 33); however, Ms. Hatfield is not the executor or administrator of Mr. Hatfield's estate. As it does not appear that

2

efforts to appoint Ms. Hatfield to those positions have been successful, the pending motion to substitute her as the plaintiff to this matter (ECF No. 33) is **DENIED**.

On May 12, 2025, the Court asked Plaintiff's counsel to provide an update as to the efforts to appoint a representative for Mr. Hatfield's estate. (*See* 5/12/25 Text-Only Order.) In a supplemental brief filed on May 19, 2025, Plaintiff's counsel indicated that they have been unable to open an estate for Mr. Hatfield. (ECF No. 36.) The Court held a status conference on June 12, to gain more information as to what, if any efforts had been made in that regard and to assess whether an estate was likely to be appointed in the near future. Based on the representations of Plaintiff's counsel at the conference, the Court provided a 30-day extension to open an estate and identify a representative to substitute for Plaintiff. (*See* 6/12/25 Text-Only Entry.) The Court required Plaintiff's counsel to file a status report on or before July 14. (*Id.*)

On July 14, counsel filed a report indicating that attempts had been made to open an estate for Plaintiff in Kent County with a Public Administrator ("PA") appointed as the Personal Representative. (ECF No. 38.) Plaintiff's counsel was awaiting the PA's consent to file the necessary paperwork. The process to have a PA appointed is unclear from counsel's report. Specifically, there is no indication as to whether counsel already spoke with the PA about the endeavor nor if the PA

would consent to the appointment.  Further, there is no indication as to how long this process is expected to take.

    The Court will allow Plaintiff's counsel 30 more days to open the estate and file a motion for substitution by the personal representative.  If a motion is not filed by that deadline, the Court concludes that it must **DISMISS** the pending claims.

    **IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 22, 2025