UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON HATFIELD,

    Plaintiff,

v.

                              Case No. 23-cv-10453
                              Honorable Linda V. Parker

CITY OF TAYLOR, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING RENEWED MOTION TO SUBSTITUTE PARTY

Plaintiff Brandon Hatfield filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on February 22, 2023.  (ECF No. 1.)  His counsel filed a Suggestion of Death on the Record pursuant to Federal Rule of Civil Procedure 25 on June 7, 2024, indicating that Mr. Hatfield passed away on April 28, 2024. (ECF No. 26.)

The question of whether a federal civil rights claim survives a plaintiff's death is a question of state law.  *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018) (citing *Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978)).  Under Michigan law, "[a]ll actions and claims survive death" of the injured person during the pendency of the action.  *See* Mich. Comp. Laws § 600.2921.

Federal Rule of Civil Procedure 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may, on motion, order substitution of the proper parties. "A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]" If such a motion is not timely filed, "the action by or against the decedent must be dismissed." *Id*.

"Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record." *Jenkins v. Macatawa Bank Corp.*, No. 1:03-CV-321, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007); *see also Lawson v. Cnty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *2 (E.D. Mich. Oct. 23, 2012). Second, "[counsel] must serve the decedent's successor [or representative] or, at minimum, undertake a good faith effort to identify an appropriate representative." *Lawson*, 2012 WL 5258216, at *2 (internal quotation marks and citations omitted); *see also Jenkins*, 2007 WL 737746, at *1 (stating that the suggestion of death must be served in accordance with Rule 4).

It has been far longer than 90 days since the suggestion of death was filed. However, it took some time for Mr. Hatfield's counsel to identify an appropriate representative, despite good faith efforts to do so. After unsuccessfully attempting to locate an appropriate family member to serve in that capacity, counsel had to

2

seek the appointment of a personal representative in probate court.  On September 15, 2025, the probate court appointed Timothy J. Waalkes to serve as the personal representative of Mr. Hatfield's estate.  (ECF No. 44.)

Accordingly,

**IT IS ORDERED** that the renewed motion for substitution of party under Federal Rule of Civil Procedure 25(d) is **GRANTED.**

**IT IS FURTHER ORDERED** that Timothy J. Waalkes, as the Personal Representative of the Estate of Brandon Hatfield, is substituted for Mr. Hatfield.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: January 23, 2026